**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PEDRO JOSE TRINIDAD-ROMERO**<br>**Petitioner,**<br><br>**v.**<br><br>**J.L. JAMISON, JOHN E. RIFE,**<br>**MARKWAYNE MULLIN, TODD**<br>**BLANCH, U.S. DEPARTMENT OF**<br>**HOMELAND SECURITY, EXECUTIVE**<br>**OFFICE OF IMMIGRATION REVIEW,**<br>**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO.  26-3443** |

**MEMORANDUM**

**HODGE, J.**                                                                                     **May 27, 2026**

Petitioner Pedro Jose Trinidad-Romero ("Petitioner" or "Mr. Trinidad-Romero") is another

of the numerous individuals who have been recently detained by immigration authorities under the

relatively new decision by the Bureau of Immigration Appeals ("BIA"). BIA's interpretation of

the Immigration and Nationality Act ("INA") § 235, 8 U.S.C. § 1225, would permit it to treat an

immigrant as "seeking admission" who was not inspected upon arrival in the country even if they

arrived in the country years ago. Such treatment results in detention without any hearing. This

Court again joins with the hundreds of decisions rejecting BIA's analysis, and grants Mr. Trinidad-

Romero petition for a writ of habeas corpus (ECF No. 1 (the "Petition")) and orders his immediate

release.[1]

---

[1] The Court may decide the issues raised in the Petition without a hearing, as courts have done in similar cases. *See Rodriguez Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025).

## I.    BACKGROUND[2]

Mr. Trinidad-Romero is a citizen and national of the Dominican Republic. (Petition ¶ 1.) In the spring of 2023, he entered the United States. (*Id.* ¶ 17.) He encountered Department of Homeland Security officers shortly after entering the country, and they detained, processed, and then released him to Philadelphia. (*Id.* ¶ 18.)

On or about May 18, 2026, Mr. Trinidad-Romero presented himself at a scheduled reporting with ICE. (*Id.* ¶ 21.) He was taken into custody at this time with no prior notice or opportunity to contest his detention. (*Id.*)

## II.    LEGAL STANDARD

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

## III.    DISCUSSION

Respondents assert that the Petition should be denied because Mr. Trinidad-Romero is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and his detention does not violate constitutional due process.

### A.    Mr. Trinidad-Romero Is Not Subject to Mandatory Detention Under 8 U.S.C. § 1225(b)(2)(A)

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal]

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

proceeding . . . .” By contrast, 8 U.S.C. § 1226(a) “applies to aliens already present in the United States,” *Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018), and provides that “[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.” The Attorney General “may release” noncitizens on “bond” or “conditional parole,” except if they have committed any of the criminal offenses listed in Section 1226(c). 8 U.S.C. § 1226(a).

Reversing course, on July 8, 2025, the Department of Homeland Security (“DHS”) issued a policy instructing all ICE employees to consider anyone deemed inadmissible under § 1182(a)(6)(A)(i)—*i.e.,* all those who entered the United States without admission or inspection—to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond. This policy was subsequently enshrined in a September 5, 2025 decision by BIA, which took the position that all non-citizens who are present in the United States without admission are subject to mandatory detention under Section 1225(b) and that an immigration judge has no authority to consider their bond requests. *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (B.I.A. 2025).

As the Supreme Court has explained, “aliens *already in the country* pending the outcome of removal proceedings” may be detained pursuant to Section 1226(a). *Jennings*, 583 U.S. at 289 (emphasis added). By contrast, Section 1225(b) “applies primarily to aliens seeking entry into the United States.” *Id.* at 297. Respondents assert that noncitizens like Petitioner who are already present within the United States are “applicants for admission” within the language of Section 1225(b)(2)(A). (ECF No. 5 at 13.) However, as my colleagues have reasoned, if the Court accepts Respondents’ argument that Section 1225(b)(2)(A) applies to all “applicant[s] for admission,” then there was no need for Congress to specify that Section 1225(b)(2)(A) would apply to “alien[s]

seeking admission." *Demirel v. Fed. Detention Center Phila.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026); *see also Cunha v. Freden*, No. 25-3141, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026) ("[T]he government's novel interpretation of the immigration statutes defies their plain text."). This Court must grant "every clause and word of a statute . . . meaning" and render "no clause, sentence, or word . . . superfluous, void, or insignificant." *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023); *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). If this Court adopted the Government's reading of Section 1225(b)(2)(A) to apply to "all applicant[s] for admission," it would render the phrase "seeking admission" superfluous. However, the text "seeking admission" is not unnecessary and, thus, shall not be ignored by this Court.

### B.    Mr. Trinidad-Romero's Detention Violates Due Process

The Fifth Amendment's Due Process Clause prevents the Government from depriving any person of "life, liberty, or property, without due process of law." The "Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether a government action violates due process, courts apply the balancing test outlined in *Mathews v. Eldridge*, which weighs: (1) the private interest implicated by the government action; (2) the risk of an erroneous deprivation and the probable value of additional safeguards; and (3) the Government's interest, including administrative burdens of additional procedures. 424 U.S. 319, 334 (1976).

All three *Mathews* factors weigh in favor of Mr. Trinidad-Romero. In this instance, he has a strong private interest in his personal liberty. The failure of the Government to afford him *any* individualized determination regarding whether he posed a danger or flight risk poses a high risk of erroneous deprivation of his rights, while a bond hearing imposes minimal administrative burden. Since arriving in the United States, Mr. Trinidad-Romero has established community in Philadelphia and he voluntarily appeared for a check-in with ICE, both of which indicate the opposite conclusion. Therefore, the application of the *Mathews* factors and constitutional due process necessitated a bond hearing prior to his detention on May 18, 2026. Because that hearing did not occur, he should not be in custody now.

## III.   CONCLUSION

For the aforementioned reasons, Petitioner's detention without a bond hearing offends the INA and the Due Process Clause of the Fifth Amendment. Therefore, this Court grants Mr. Trinidad-Romero's Petition, orders his immediate release, permanently enjoins the Government from re-detaining him under Section 1225(b)(2)(a), and temporarily enjoins the Government from re-detaining him under Section 1226(a) for seven days following his release. An appropriate Order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**