## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PEDRO JOSE TRINIDAD-ROMERO**<br>**Petitioner,**<br><br>v.<br><br>**J.L. JAMISON, JOHN E. RIFE,**<br>**MARKWAYNE MULLIN, TODD**<br>**BLANCH, U.S. DEPARTMENT OF**<br>**HOMELAND SECURITY, EXECUTIVE**<br>**OFFICE OF IMMIGRATION REVIEW,**<br>**Respondents.** | **CIVIL ACTION**<br><br><br>**NO.  26-3443** |

## O R D E R

**AND NOW**, this 27th day of May, 2026, upon consideration of Pedro Jose Trinidad-Romero's Petition for Writ of Habeas Corpus (ECF No. 1 (the "Petition")), and for the reasons stated in the accompanying Memorandum, it is **HEREBY ORDERED** as follows:

1.      The Petition is **GRANTED**. The Government shall **RELEASE** Petitioner from custody immediately and file an entry on the docket certifying compliance with this Order **no later than 5:00 p.m. on May 28, 2026.**

2.      Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, Petitioner is subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

3.      The Government is temporarily enjoined from re-detaining Petitioner until **June 4, 2026**.

4.      If the Government decides to pursue re-detention of Petitioner after June 4, 2026, it must first provide him with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

5.       The Government may not remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines at the bond hearing that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances so require.

6.       The Clerk of Court shall mark this case as closed.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**